IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WILLIAM SEAN WILKINS                             PLAINTIFF

       v.                   Civil No. 09-5204

SHERIFF KEITH FERGUSON;
JAIL DOCTOR, Benton County
Detention Center; CAPTAIN
HOLLY, Jail Administrator; and
DOCTOR (SPECIALIST) SEEN
AT MERCY MEDICAL CENTER,
ROGERS, ARKANSAS, IN JUNE
OF 2009                                                      DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

The Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case is before the undersigned for preservice screening under the provisions of the Prison Litigation Reform Act. Specifically, pursuant to 28 U.S.C. § 1915A the court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

## I.  Background

According to the allegations of the complaint, on April 6, 2009, Plaintiff, William Sean Wilkins (hereinafter Wilkins), a detainee at the Benton County Detention Center (BCDC), slipped coming from the shower and fell to the floor.  After the fall, he continued on to his cell.

The following day, Wilkins noted he had numbness in his right hand.  He believed it might go away.  When the numbness did not go away, on or about April 11, 2009, Wilkins asked to see the jail medical staff.  Wilkins indicates he was seen and prescribed Tylenol.

On April 16, 2009, Wilkins requested that x-rays be done.  He maintains the use of his thumb had become limited.  He states he could no longer hold a pencil and feeding himself had become a chore.

On April 17, 2009, Wilkins indicates he filed a grievance on the jail medical staff.  He talked to Captain Holly who stated Wilkins would have to pay for any medical treatment received outside the detention center.

Sometime in June of 2009, Wilkins indicates he was taken to the Mercy Medical Center in Rogers, Arkansas.  A series of tests were done by a doctor there.  Wilkins indicates he was told he had nerve damage and it would heal itself in four months.

Wilkins alleges by mid-September his hand had worsened.  He states he was recently informed by the jail medical staff that "it is a pinched nerve in his neck and nothing can be done."  As relief, Wilkins asks for monetary payment for the loss of the use of his thumb and/or the surgery or surgeries required to regain the use of his thumb.

## II. Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, Plaintiff must allege that each Defendant acted under color of state law and that he or she violated a right secured by the Constitution. West v. Atkins, 487 U.S. 42, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); Dunham v. Wadley, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Davidson v. Cannon, 474 U.S. 344, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986).

The Defendant doctor employed at Mercy Medical Center is a private physician who was not employed by the Benton County Sheriff's Office or the BCDC. In Montano v. Hedgepeth, 120 F.3d 844 (8th Cir. 1997), the Eighth Circuit set forth the analysis to be applied in determining whether state action exists for purposes of § 1983. Specifically, the court said:

> In ascertaining the presence of state action, we must examine the record to determine whether "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 2753, 73 L. Ed. 2d 482 (1982). Resolving this question entails a journey down a particularly fact-bound path, *see id.* at 939, 102 S. Ct. at 2754-55, but the Supreme Court has identified two legal touchstones to provide guidance along the way. To begin with, there can be no "fair attribution" unless the alleged constitutional violation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Id.* at 937, 102 S. Ct. at 2753. Furthermore, "the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.*; *see*

*also Roudybush v. Zabel*, 813 F.2d 173, 176-77 (8th Cir.1987) (repeating two part test).

Montano, 120 F.3d at 848.

In this case, Plaintiff has alleged only that he was treated at the hospital by a private physician. There is no allegation that the treatment was rendered pursuant to a contract between the doctor and the detention center or Sheriff's Office. In fact, Plaintiff alleges he was told he would be responsible for paying for the medical services rendered by the doctor. Applying the functional approach adopted by the Eighth Circuit in Montano, the court believes a private physician treating a detainee at a private facility utilizing his independent medical judgment is not answerable to the state and does not act under color of state law for purposes of § 1983. *See e.g.,* Koulkina v. City of New York, 559 F. Supp. 2d 300, 320 (S.D.N.Y. 2008)(private physician not state actor when he merely provided treatment in accordance with his professional medical judgment and was not under a state contract).

### III. Conclusion

For the reasons stated, I recommend that the claims asserted against the Doctor seen by Plaintiff at Mercy Medical center in June of 2009 be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

By separate order, the complaint will be served on the remaining Defendants.

**Wilkins has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Wilkins is**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **20th day of October 2009.**

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE