```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**WILLIAM SEAN WILKINS**                                                **PLAINTIFF**

       **v.**                **Civil No. 09-5204**

**SHERIFF KEITH FERGUSON**, *et al.*                                    **DEFENDANTS**

<u>ORDER</u>

NOW on this 16th day of September 2011, this case comes on for consideration on the **Magistrate Judge's Report and Recommendation** (Doc. 40) and defendants' objection thereto (Doc. 41). Plaintiff has not filed any objections to the Report and Recommendation.

The Court, being well and sufficiently advised, finds and orders as follows:

    1.   Plaintiff, who is proceeding *pro se,* filed this civil rights action under 42 U.S.C. § 1983.

    2.   In his complaint, plaintiff alleges that, while incarcerated at the Benton County Detention Center ("BCDC"), he slipped coming out of the shower and injured his right hand. Plaintiff claims that he was denied adequate medical care for his injury.

Plaintiff named as defendants in his complaint Sheriff Keith Ferguson, BCDC's physician, Dr. John Huskins, and Captain Holly. Plaintiff did not state in his complaint whether he was bringing his claims against defendants in their official and/or individual capacities.

3. Defendants filed a motion for summary judgment seeking the dismissal of plaintiff's claims. In order to assist plaintiff in responding to the summary judgment motion, the Magistrate Judge provided plaintiff with a list of questions for him to answer regarding his case. One of the questions posed to plaintiff was whether he was suing the defendants in their individual or official capacities. Plaintiff did not directly answer the question. Rather, he stated: "I have only ask[ed] for my problem to be resolved to have my hand back to normal like it was before I fell in their county jail."

4. Claims against individuals in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 24 (1991) (internal citations omitted). In official-capacity suits, the plaintiff must show that the entity's "policy or custom" played a part in the violation of federal law. *Id.* Individual capacity claims "seek to impose individual liability upon a government officer for actions taken under color of state law." *Id.*

5. In her Report and Recommendation, the Magistrate Judge recommends that the Court liberally construe the complaint to include claims against defendants in both their individual and official capacities.

Further, the Magistrate Judge recommends that the Court make the following rulings on the pending summary judgment motion:

    *    deny summary judgment on plaintiff's individual capacity claim against Dr. Huskins because genuine issues of material fact exist as to whether Dr. Huskins was deliberately indifferent to plaintiff's serious medical needs;

    *    grant summary judgment on plaintiff's individual capacity claims against Sheriff Ferguson and Captain Holly as there is no evidence that they made any decisions with respect to plaintiff's medical care; and

    *    grant summary judgment on plaintiff's official capacity claims as there is no evidence that a BCDC policy or custom caused plaintiff's constitutional rights to be violated.

6.  Defendants object to the part of the Report and Recommendation that recommends that the Court construe the complaint against them in both their individual and official capacities. In support of their objection, defendants cite to, among other cases, *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) where the Eighth Circuit stated the rule that, "[i]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." (citations omitted). The court explained that "[b]ecause section 1983 exposes public

servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants." *Johnson*, 172 F.3d at 535. (citations omitted).

7.   The Eighth Circuit has also held that a *pro se* plaintiff "is entitled to have his pleadings interpreted liberally and his petition should be construed to encompass any allegation stating federal relief. . . ."  *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir. 1976).  Thus, in cases where a *pro se* plaintiff has indicated in his response to a summary judgment motion that he is suing defendants in both their individual and official capacities, this Court has held that it is proper to construe the complaint as asserting claims against defendants in both their individual and official capacities.  *See, e.g., Sorrells v. Hickman*, 2006 U.S. Dist. LEXIS 99319 (W.D. Ark.  Aug. 7, 2006) adopting Report and Recommendation of Magistrate Judge, 2006 U.S. Dist. LEXIS 99362 (June 8, 2006).

8.   As defendants point out, however, in this case plaintiff has not indicated in any pleading or paper filed with the Court that he is suing defendants in both their individual and official capacities.   Specifically, when asked whether he was suing defendants in their individual or official capacities, plaintiff's answer was non-responsive.  Thus, under the rule set out by the

Eighth Circuit in *Johnson*, it must be assumed that the defendants are sued only in their official capacities.

9. Therefore, the Court declines to adopt the portion of the Magistrate Judge's Report and Recommendation in which she recommends that the Court liberally construe the complaint to include claims against defendants in both their individual and official capacities. For the reasons set forth above, the Court will construe the complaint as suing defendants in their official capacities only.

Further, the Court will adopt that portion of the Magistrate Judge's Report and Recommendation in which the Magistrate Judge recommends that defendants' summary judgment motion be granted with respect to plaintiff's official capacity claims because there is no evidence that a BCDC policy or custom played a role in the alleged constitutional violation.

**IT IS THEREFORE ORDERED** that the defendants' objection to the Magistrate Judge's Report and Recommendation is **sustained**;

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. 40) is **rejected in part and adopted in part** as set forth above; and

**IT IS FURTHER ORDERED** that, for the reasons stated in the Magistrate Judge's Report and Recommendation, defendants' Motion for Summary Judgment (Doc. 32) is hereby **GRANTED**. Plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

        **/s/ Jimm Larry Hendren**
        **HON. JIMM LARRY HENDREN**
        **UNITED STATES DISTRICT JUDGE**